UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

KEVIN WILLIAM CASSADAY,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case No. 1:22-cv-242

Hon. Hala Y. Jarbou

## **OPINION**

This is a habeas corpus action brought by a federal pretrial detainee under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed without prejudice because Petitioner has not exhausted other available remedies.

## **Discussion**

Petitioner is presently housed in the Newaygo County Jail. The Court ordered that he be detained in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich. Nov. 10, 2021), (ECF No. 21). Petitioner contends his arrest was illegal and, therefore, he seeks a writ of habeas corpus releasing him from custody.

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her

pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Petitioner seeks relief under that statutory section.

Nonetheless, regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve the sort of challenges that Petitioner raises in his petition. In *Johnson v. Hoy*, 227 U.S. 245 (1913), the Supreme Court rejected a habeas petition by a pretrial detainee objecting to excessive bail and claiming that the statute under which he had been indicted was unconstitutional, stating:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [The petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U.S. 420 (1912). That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins v. United States*, 199 U. S. 547 (1905).

*Johnson*, 227 U.S. at 247.

In *Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017), the Tenth Circuit Court of Appeals collected the "remarkably few" published appellate opinions on the matter in the past century:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017–18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:

2

> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."

*Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) (citations omitted*); accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

*Medina*, 875 F.2d at 1028–29.

The *Medina* court did not end its analysis with the declaration that exhaustion is required. The court continued:

> But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted. If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

*Id.* at 1029. Although such circumstances might exist for state detainees, *see, e.g.*, *Ex parte Royall*, 117 U.S. 241 (1886); *Thomas v. Loney*, 134 U.S. 372 (1890); *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294 (1984), there do not appear to be any cases identifying the presence of such circumstances for federal pretrial detainees.

After *Medina*, the Third Circuit Court of Appeals addressed the claim of a pretrial detainee challenging his continued detention. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018). The Third Circuit also concluded that "Section 2241 is . . . not the proper vehicle for [petitioner] to challenge his detention pending trial. The Bail Reform Act of 1984 . . . provides

3

a comprehensive scheme governing pretrial-release decisions. . . . [F]ederal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action." *Id.* at 247. Additional circuit courts of appeals have since echoed that conclusion. *See Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1–2 (11th Cir. Nov. 17, 2021).

The authorities cited in *Medina* and the additional circuit authority issued after *Medina* indicate, at a minimum, that Petitioner must exhaust his challenges in his criminal proceedings. Petitioner has not so exhausted his claim. Petitioner's failure to exhaust warrants dismissal of his petition without prejudice.

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated:   March 28, 2022                         /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                UNITED STATES DISTRICT JUDGE